UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLIE BUIE,

        Plaintiff,

v.                                         CASE NO.: 8:07-CV-264-T-MAP

MICHAEL J. ASTRUE
Commissioner of
Social Security

        Defendant.
_____/

## **ORDER**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of the Commissioner's decision denying his claims for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by (1) failing to fully and adequately develop the record and (2) failing to pose a hypothetical question to the vocational expert ("VE") which included all of the Plaintiff's limitations. After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

*A. Background*

Plaintiff was fifty-two years old at the time of his administrative hearing on January 23,

---

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 13).

2006.[2] He has a ninth grade education and his past work experience includes work as a security guard, a tow truck driver and an equipment operator. Plaintiff alleges disability due to diabetes, hypertension, cervical disc disease, lumbar disc disease, left knee degenerative joint disease status post arthroscopy and partial meniscetomy, obesity, plantar fasciitis, carpal tunnel syndrome, sleep apnea, depression[3], and anxiety.[4]

Plaintiff filed for DIB and SSI on April 8, 2004, alleging a disability onset date of January 2, 2004. The ALJ denied his claims both initially and upon reconsideration. Plaintiff then requested an administrative hearing. Per his request, the ALJ held a hearing on January 23, 2006. The ALJ issued a written decision on March 24, 2006, denying Plaintiff's benefits and finding him capable of performing past relevant work as a security guard. In his decision, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to sit for six hours in an eight-hour workday; stand for two hours in an eight-hour workday; lift ten pounds frequently, twenty pounds occasionally; limited to occasional in all postural functions; can perform simple tasks with simple instructions; and limited to frequent in terms of interaction with the public and co-workers. (R. 19). Further, the ALJ found that Plaintiff's daily activities were consistent with the

---

[2] A discrepancy exists in the record regarding the date of the actual hearing. The notice of hearing and transcript of the hearing state the date of the hearing as January 23, 2006, while the ALJ's decision and Plaintiff's Memorandum in Opposition state the date of the hearing as January 25, 2006. Plaintiff stated that he last worked on Sunday, the day before the hearing, which would be January 22, 2006. (R. 31). For purposes of clarity, I will use January 23, 2006 as the date on which the hearing occurred.

[3] Plaintiff provided testimony during his hearing that depression was no longer an issue in his mind and was not among the problems that he had at the time of the hearing. (R. 32)

[4] The ALJ accurately reports Plaintiff's medical history and I adopt that portion of his decision for purposes of this Order. (R. 18-19).

RFC, especially since Plaintiff spent the majority of his time performing functions in the seated position.  Plaintiff has exhausted his administrative remedies and filed suit in federal district court.  This case is now ripe for review.

  *B.  Standard of Review*

  To be entitled to benefits, a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 423(d)(3).

  The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the

claimant can do other work in the national economy in view of his or her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. 42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for clarification).

 C. *Discussion*

  1. *Development of the Record*

An ALJ has a basic obligation to develop a full and fair record, even where, as here, the claimant was represented by counsel. *See Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). Plaintiff claims the ALJ failed to fully and adequately develop the record by not questioning Plaintiff as to the frequency of his episodes of diarrhea, urination, and drowsiness. Defendant contends that the ALJ properly evaluated the evidence and the ALJ's decision is supported by substantial evidence that Plaintiff was capable of performing his past relevant work

4

and, accordingly, was not disabled.

Plaintiff bears the burden of proving the existence of a disability as defined by the Social Security Act. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). To prove the existence of such disability, Plaintiff must furnish medical and other evidence rather than simply relying on conclusory statements of pain or other symptoms. 42 U.S.C. § 423(d)(5)(A). Here, Plaintiff has furnished copies of the prescription information listing possible side effects for each medication prescribed by his doctors and has testified to side effects he allegedly experienced from the named medications. The record indicates that Plaintiff filled prescriptions for medications including Methocarbamol, Oxycodone and Acetaminophen, Benazepril and Amlodipine, Aspirin, Rosiglitazone, Metoprolol, Valsartan and Hydrochlorothiazide, and Insulin. (R. 574-582). A document from the University Pain Management Center indicates that on September 15, 2005, Plaintiff listed Furosemide, Diovan, Prilosec, Avandia, Aspirin, Metaprolol, Lodrel, Novolin, Lantus, and Vicodin as his current medications. (R. 568). On October 21, 2005, a consultation report from Spine Med of Florida for Plaintiff listed Percocet, Robaxin, Avandia, Lantus, Novolin, Metoprolol, Diovan and Aspirin as his present medications. Further, Plaintiff's counsel touched on the issue of the side effects of the medication during his examination of Plaintiff at the hearing before the ALJ. In doing so, Plaintiff's counsel raised the issue of Defendant's attendance problems by asking Defendant why he had to miss days of work even though he only worked three days a week. (R. 35). Defendant responded that, as a result of taking his medication, he could not be fully alert on the job due to symptoms of diarrhea, lightheadedness, and dizziness and due to falling asleep at work. (R. 36). Plaintiff's counsel did not address the issue further except to elicit testimony from Plaintiff that he could not work a

forty-hour week with eight-hour-a-day shifts. (R. 36). The only other reference to the alleged side effects of the medication by Plaintiff or Plaintiff's counsel came at the close of the hearing wherein Plaintiff volunteered that the position of security guard requires the individual "to be fully alert" and the individual not "be sleepy or drowsy or frequent urinating or whatever." (R. 49). Plaintiff adduced no other evidence, medical opinion or testimony regarding the alleged side effects he experienced.

Plaintiff now alleges that the ALJ did not adequately develop the record with regard to the side effects of these medications, namely diarrhea, urination and drowsiness. An ALJ may have a duty to investigate possible side effects of medication as an element of a disability analysis. *French v. Massanari*, 152 F.Supp.2d 1329, 1337 (M.D. Fla. 2001)(citing *Cowart v. Schweiker*, 662 F.2d 731 (11th Cir. 1981)). However, in the instant action, the ALJ found the record evidence regarding the alleged side effects not entirely credible, specifically stating:

> "After considering the evidence of record, <u>the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms,</u> but that the <u>claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible.</u>" (R.20)(Emphasis in original).

Additionally, the ALJ noted that the lack of corroborating evidence suggested some degree of exaggeration on the part of Plaintiff, especially regarding the ability to endure a full workday and the impact of medication side effects. (R. 21). While Plaintiff notes that the ALJ discounted Plaintiff's complaints based on the fact that Plaintiff drives, Plaintiff fails to acknowledge the extensive list of other reasons upon which the ALJ based his credibility determination. (R. 20-21).

A review of the record evidence, including Plaintiff's medical records, fails to indicate

Plaintiff experienced problems with side effects from medication.  Based on the foregoing, the Court determines that the ALJ properly evaluated the evidence and adequately developed the record regarding the alleged side effects of Plaintiff's medication.

### 2. Hypothetical to Vocational Expert

The ALJ must pose an accurate hypothetical that takes into account all the claimant's impairments.  *See Pendley v. Heckler,* 767 F.2d 1561 (11th Cir. 1985).  The ALJ's hypothetical posed to a vocational expert must comprehensively describe the plaintiff's limitations.  *See Id.* at 1563.  Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record.  *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996), *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987).  Plaintiff contends that the ALJ erred by failing to pose a hypothetical question to the vocational expert that included all of Plaintiff's limitations, specifically the need to take unscheduled breaks to use the restroom and to rest due to excessive drowsiness.

The ALJ did not incorporate Plaintiff's alleged limitations, including the need to take unscheduled breaks to use the restroom and to rest due to excessive drowsiness, in the hypotheticals because the ALJ found the alleged side effects not entirely credible.  Instead, the first hypothetical, which takes into account the non-examining consultants's assessment, included an individual who could lift ten pounds frequently and twenty pounds occasionally, could sit and stand six hours during the course of an eight-hour day, unlimited in terms of his push/pull abilities including the use of hand and foot controls, limited to occasional as to all postural movements, and with no mental restrictions.  The second hypothetical included an individual who could sit for six hours in the course of an eight-hour day, could stand for two

hours in the course of an eight-hour day, could lift ten pounds frequently and twenty pounds occasionally, limited to occasional in terms of all postural movements, limited to jobs with simple tasks and simple instructions, limited to frequent in terms of interaction with either the public or co-workers. To each of those hypotheticals, the VE responded that Plaintiff's security guard position was consistent with the hypothetical. (R. 46, 48). Finally, the third hypothetical, with which the ALJ noted he did not have to agree, included an individual who could sit approximately four out of eight hours, could stand one out of eight hours, and must recline three out of eight hours. (R. 48). In response to that hypothetical, the VE stated that the individual described could not perform the past relevant work of Plaintiff. (Id.)

The ALJ did not have to include limitations he found not credible in the hypothetical. *See McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987). Further, the ALJ only had to submit to the VE those limitations supported by objective evidence of record. *Id.* A review of the record reveals that the ALJ posed hypotheticals to the vocational expert which represented all the credible impairments determined to exist by the ALJ. These hypotheticals were comprehensive and encompassed Plaintiff's severe impairments and the limitations imposed by his physicians.

*Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed, and the Commissioner's decision is affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

DONE AND ORDERED in chambers at Tampa, Florida on March 14, 2008.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE